(23 Misc. Rep. 752.)

### In re FREEMAN.

(Supreme Court, Special Term, Onondaga County. June, 1898.)

OFFICERS—RECOVERY OF POSSESSION OF OFFICE.

    A person was legally appointed fire marshal of a city, and an attempt of the mayor to remove him was adjudged illegal. Thereupon the illegal appointee vacated the office, delivering the keys to the place containing the books and papers pertaining to the office to the mayor, who refused to deliver them to the lawful marshal. Held, on application under Code Civ. Proc. § 2471a, providing that a person improperly withholding books or papers from a public official may, on application of such official, be compelled to give them up, or be imprisoned until he does so, that the mayor should be directed to deliver up the possession of the books and papers.

Application of Hoyt H. Freeman, as fire marshal of the city of Syracuse, to compel the delivery to him of the books, papers, and records belonging or pertaining to said office. Granted.

L. L. Waters and Geo. L. Baldwin, for applicant.

James E. Newell, opposed.

HISCOCK, J. The following facts appear substantially without dispute,—some of them even more plainly by the affidavits in opposition to the application than by the applicant's own petition. On or about November 30, 1895, Hoyt H. Freeman was duly appointed fire marshal in and for the city of Syracuse for the unexpired term of four years from June 1, 1895, and thereupon duly qualified and entered upon the discharge of his duties as such. Subsequently, and on or about May 3, 1897, James K. McGuire, mayor of Syracuse, attempted

to remove him from said office, and made a purported appointment of one James E. Leamy to said office in his place.    Shortly thereafter the said Freeman was by force excluded from his office, and said Leamy obtained possession thereof, and of the books and papers therein.    The appellate division of the supreme court has held that the action of the mayor in attempting to remove said Freeman was unauthorized and illegal, and that he had no right to do what he attempted to.    After this decision the said Freeman instituted before the attorney general the proper proceedings to obtain possession of his office as against said Leamy, and to recover the penalties imposed by law against the latter for his illegal intrusion into the same.    Without waiting for the conclusion of this proceeding, said Leamy resigned and vacated the position.    The books and papers pertaining to said office, and of which possession is now sought, are in the fire marshal's office, in the city hall, and both said mayor and one Rathbun have the keys and access thereto,—said Leamy, upon leaving the office, having delivered the keys to the clerk of the mayor; and they are now in the latter's desk. The relator has attempted to obtain possession of said books from each of said persons, who have refused to give them up.

Under these facts and circumstances, the petitioner invokes the aid of the provision of the Code already referred to, which provides, in substance, that a person improperly withholding books or papers from a public official may be compelled, upon such an application as this, to give them up, and may be imprisoned until he does so.    I have no doubt but that section applies to this case.    The petitioner is unquestionably entitled, under the decision of the appellate court already referred to, to the possession of the office in question, and of the books and papers pertaining thereto.    He was legally appointed fire marshal, and, the attempt of the mayor to remove him having been adjudged illegal, he is still such officer.    The illegal appointee having vacated the office, there is now nobody attempting to hold it against the petitioner, even by illegal appointment and force, and a case is presented for such relief as is here sought.    Code Civ. Proc. § 2471a; In re Bradley, 141 N. Y. 527, 36 N. E. 598; In re Sells, 15 App. Div. 571, 44 N. Y. Supp. 570.    There is no question but what the persons against whom this application is directed have such possession and custody of the books and papers that they are withholding them, and can deliver them up, which they are hereby ordered to do.

In accordance with these conclusions, an order may be prepared directing the delivery of the books and papers in question, under the penalties of the statute in question.    Ordered accordingly.